UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARNELL WALKER,       : | |
|     Plaintiff,       : | |
|                 : | |
| v.       : | Case No. 3:16-cv-1002(SRU) |
|                 : | |
| SCOTT SEMPLE, ET AL.,       : | |
|     Defendants.       : | |

**<u>RULING AND ORDER</u>**

The plaintiff, Darnell Walker, is an inmate incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He moves the court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil rights action.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be absolutely destitute in order to qualify for *in forma pauperis* status. The court considers whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983).

Walker completed his application to proceed *in forma pauperis* on June 17, 2016. In the application, which he signed under penalty of perjury, Walker states that he is unable to pay the filing fee because of his indigence. He claims that he has no money in his inmate account and

that he has not received income from any source in the last twelve months. *See* Application to Proceed *In Forma Pauperis*, Doc. No. 2 at 1–3.

Attached to Walker's application is a ledger statement from his prisoner account for the period of December 16, 2015 to June 16, 2016. This statement shows deposits to Walker's account of $50.00 or more at least once a month beginning on January 15, 2016. *See id.*, Doc. No. 2-1. Furthermore, it has come to the court's attention that on January 13, 2016, Walker reached an agreement to settle four cases filed in this court for a sum of $2,800.00. *See Walker v. Quiros, et al.*, Case No. 3:11-cv-82(MPS), Settlement Agreement, Doc. No. 124; *Walker v. Sharp, et al.*, Case No. 3:13-cv-40(MPS); *Walker v. Dzurenda, et al.*, Case No. 3:15-cv-1212(MPS) and *Walker v. Graham, et al.*, Case No. 3:15-cv-1330(MPS). Walker makes no mention of that settlement agreement or the amount due to him pursuant to the agreement. It is thus apparent that, contrary to his assertions in his application to proceed *in forma pauperis*, Walker did receive income in the last twelve months and deposits were made to his inmate account during the six-month period prior to his filing the application.

In light of that omission, the court concludes that Walker has not demonstrated that he is unable to pay the $400.00 filing fee. Accordingly, the order granting the application to proceed *in forma pauperis* [**Doc. No. 6**] is **VACATED**. The Application for Leave to Proceed *In Forma Pauperis* [**Doc. No. 2**] is **DENIED**. All further proceedings in the matter shall be held in abeyance for 30 days pending Walker's delivery of the filing fee in the amount of $400.00 (cash or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee within 30 days of this order will result in the dismissal of this action.

SO ORDERED at Bridgeport, Connecticut this 12th day of September, 2016.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE